**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLAGSTONE PAVERS, LLC,      )
                                      )
     Plaintiff,         )
                                      )   CASE NO. _____
v.                             )
                                      )
THE BAYBORO GROUP, LLC d/b/a  )
INTERNATIONAL STEEL ERECTORS,  )
                                      )
     Defendant.       )

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Flagstone Pavers, LLC ("Plaintiff" or "Pavestone"), hereby files its Complaint against The Bayboro Group, LLC d/b/a International Steel Erectors, ("Defendant" or "International Steel"), showing the Court as follows:

## PARTIES

1.

Flagstone Pavers, LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

2.

The Bayboro Group, LLC d/b/a International Steel Erectors is a limited liability company formed and existing under the laws of the State of Florida and has its principal place of business in Palm City, Florida. Bayboro is registered to do business in the State of Florida and may be served through its Florida registered agent, Ralph J. DeSisto at 2740 SW Martin Downs Boulevard, Suite #332, Palm City, Florida 34990.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship between the plaintiff on the one hand, the defendant on the other, and the amount in controversy exceeds the sum of $75,000.00, excluding interest and costs.

### 4.

Venue is proper in this district and division of the Court in that the contract that is the subject of this action was performed and breached in Hernando County, Florida. 28 U.S.C. § 1391(a).

### 5.

All conditions precedent to the bringing of this action and to the recovery of the relief sought herein have occurred or have been waived.

## GENERAL ALLEGATIONS

### 6.

The preceding allegations of the Complaint are realleged and incorporated herein by reference.

### 7.

Pavestone manufactures segmental concrete products for commercial, residential, and industrial use around the United States.

### 8.

Pavestone owns and operates a manufacturing facility located at 9070 Old Cobb Road, Brooksville, Florida 34601 (the "Facility").

9.

On or about August 3, 2018, Pavestone entered into a Contract (the "Contract") with International Steel for the erection of three pre-engineered steel buildings at the Facility, for a total contract price of $450,000.00 (the "Project"). A true and correct copy of the Contract is attached hereto as Exhibit A.

10.

Under the terms of the Contract, International Steel agreed to complete the Project in ten (10) weeks or less (the "Contract Schedule").

11.

Pavestone agreed to pay International Steel fifty percent (50%) of the Contract price upon mobilization & commencement of work, with successive payments to be made upon the completion of specific Project milestones.

12.

Pavestone issued payment to Pavestone in the amount of $225,000.00 for mobilization costs in accordance with the Contract.

13.

During the course of the Project, International Steel failed and refused to perform under the Contract, despite repeated written notice and opportunities to cure.

14.

International Steel failed to commence work on August 20, 2018 as set out in the Contract.

15.

International Steel failed to make a reasonable effort to complete the Project in

accordance with the Contract Schedule by failing to provide sufficient labor and equipment.

16.

During the course of the Project, Pavestone requested adequate assurance that International Steel would complete the Project in accordance with the Contract Schedule.

17.

International Steel failed to confirm that it would complete the Project in accordance with the Contract Schedule.

18.

Based on its failure to perform under the Contract, on September 24, 2018, Pavestone sent a written notice of termination of the Contract to International Steel.

## COUNT I: BREACH OF CONTRACT

19.

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 of this Complaint as though fully restated herein.

20.

The Contract was a valid and enforceable contract between International Steel and Pavestone.

21.

The Contract Schedule required International Steel to perform all work thereunder in ten (10) weeks or less.

22.

International Steel breached its contractual obligations to Pavestone when it failed and refused to perform under the Contract.

23.

International Steel is liable to Pavestone for its material and substantial breach of the Contract.

24.

International Steel's failure or refusal to perform under the Contract is without legal justification or excuse.

25.

As a direct result of International Steel's breach of the Contract, Pavestone is entitled to damages to include the cost to complete the work after International Steel's termination, loss of use, attorney's fees, and interest, in an amount in excess of $75,000.00.

## COUNT II: UNJUST ENRICHMENT

26.

Pavestone incorporates the allegations in the preceding paragraphs of this Complaint as though fully restated herein.

27.

Pavestone issued payment to International Steel for the labor, materials, services, and equipment related to the erection of steel for the Project.

28.

At the time such payment was rendered, Pavestone expected that International Steel would provide the labor, materials, services, and equipment related to the erection of steel for the Project.

29.

International Steel accepted such payment with the knowledge that Pavestone

expected that said labor, materials, services, and equipment would be provided by International Steel.

30.

It would be inequitable for International Steel to retain the value it received from Pavestone in connection with the Project without compensating Pavestone for the reasonable value of said labor, materials, services, and equipment it did not receive.

31.

The acceptance of said payment by International Steel created an implied promise to pay or refund Pavestone the reasonable value of the labor, materials, services, and equipment that International Steel did not provide.

32.

As a result, International Steel is liable to Pavestone for the costs of value of labor, materials, services, and equipment, that International Steel did not provide on the Project, but were nevertheless paid by Pavestone.

**COUNT III: PREJUDGMENT INTEREST, ATTORNEY'S FEES, AND COSTS**

33.

Pavestone incorporates the allegations in the preceding paragraphs of this Complaint as though fully restated herein.

34.

Pavestone has demanded payment in writing from International Steel for the sums brought in this action.

35.

International Steel has failed or refused, and continues to fail or refuse, to pay

amounts due and owing to Pavestone.

36.

Because of International Steel's failure or refusal to pay amounts due and owing to Pavestone, Pavestone is entitled to damages including prejudgment interest, attorney's fees and costs under Fla. Stat. § 57.105 (1).

37.

In the event that Pavestone is found to be the prevailing party in this action, Pavestone is entitled to damages including prejudgment interest, attorney's fees and costs under the Contract pursuant to Fla. Stat. § 57.105 (7).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that:

a) Process issue and be served on International Steel;

b) Plaintiff have a trial by jury on all issues so triable;

c) This Court enter, pursuant to the allegations contained in Count I, judgment against Defendant for damages in an amount as may be proved at trial;

d) Interest;

e) Attorney's fees pursuant to Fla. Stat. § 57.105 (1) and (7);

f) All costs of this action; and

g) All other legal and equitable remedies to which the Court finds Pavestone entitled.

Respectfully submitted,


*/s/ Steven Jacob Carroll* .
Steven Jacob Carroll
Florida Bar No. 121484
Melissa A. Santalone
Florida Bar No. 100753
Freeman, Mathis & Gary LLP
2502 N Rocky Point Drive
Suite 860
Tampa, Florida 33607-1447
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)
jcarroll@fmglaw.com (Email)
msantalone@fmglaw.com

*Attorneys for Plaintiff Flagstone Pavers, LLC.*